IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY A. HALE,    :    CIVIL NO. 3:07-CV-0345
    Plaintiff    :
        :    (Judge Munley)
  v.    :
        :
PENNSYLVANIA DEPARTMENT    :
OF CORRECTIONS, et al.,    :
    Defendants    :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Timothy Hale ("plaintiff") an inmate presently confined at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, commenced this civil rights action on February 23, 2007. On June 15, 2007, defendants requested and were granted a stay of the matter pending the resolution of three cases pending before the United States Court of Appeals for the Third Circuit; Fontroy v. Beard, No. 07-2446, Robinson v. Pennsylvania Dep't of Corr., No. 07-1465, and Harper v. Beard, No. 07-2347. In March 2009, the Third Circuit decided Fontroy v. Beard, 559 F.3d 173 (3rd. Cir. 2009), followed by a decision in Robinson v. Dep't of Corr., 327 Fed. App'x 321 (3d Cir. 2009); and Harper v. Beard, 326 Fed. App'x 630 (3d Cir. 2009). On July 10, 2009, plaintiff filed a motion to lift the stay, which was granted on August 31, 2009. (Doc. 38.)

Plaintiff is proceeding *via* an amended complaint. (Doc. 29). Presently pending is defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 40.) For the reasons set forth below, the motion will be granted.

## I. Allegations of the Complaint

Plaintiff alleges that after an injunction was issued against defendant Jeffrey Beard concerning DC-ADM 803, mail inspectors opened his legal court mail outside his presence on May 10, 2007, and June 25, 2007, even though he had previously informed them that he did not want his mail opened outside his presence. (Doc. 29, at 6, ¶¶ 26, 27.29) "Based upon information and belief, it is asserted that the actions described herein concerning the defendants, all, opening the plaintiff's legal court mail outside his presence is violating the plaintiff's First Amendment rights. . . . The defendants, all, have used DC-ADM policy 803 to 'trap' censor, read, and copy legal court mail." (Id. at 6, ¶ 31; 7, ¶ 33.) He seeks compensatory and punitive damages, a declaratory judgment that defendants have violated his rights, and injunctive relief enjoining defendants from opening his legal court mailings outside his presence. (Id. at 8-9.)

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it

"may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is

3

merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. See Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). However, the rights of prisoners "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Thornburgh, 490 U.S. at 407 (quoting Turner, 482 U.S. at 85).

In the matter *sub judice*, plaintiff challenges the constitutionality of the Pennsylvania Department of Corrections' mail policy set forth at DC-ADM 803. This precise issue was settled in the matter of Fontroy v. Beard, 559 F.3d 173 (3d. Cir. 2009), in which the United

States Court of Appeals for the Third Circuit held that because the policy set forth in DC-ADM 803 was " 'reasonably related to legitimate penological interests,' Turner v. Safley, 482 U.S. 78, 89 (1987), it passes constitutional muster." Fontroy, 559 F.3d at 174. Plaintiff is not entitled to relief on this ground.

He also seeks relief based upon the following: "On May 10, 2007, after an injunction was issued against defendant Jeffrey Beard concerning DC-ADM 803, Inspector No. Four (4) did open the plaintiff's legal court mail outside of his presence; On June 25, 2007, after an injunction was issued against defendant Jeffrey Beard concerning DC-ADM 803, Inspector No. Five (5) did open the plaintiff's legal court mail outside of his presence." (Doc. 29, at 6, ¶¶ 26, 27.) It is it is undisputed that Pennsylvania state prisoners have a First Amendment right not to have properly marked legal mail opened outside of their presence. See Fontroy, 559 F.3d at 174-75; Jones v. Brown, 461 F.3d 353, 355 (3d Cir. 2006); Bieregu v. Reno, 59 F.3d 1445, 1458 (3d Cir.1995). A "pattern and practice of opening properly marked incoming legal mail outside of an inmate's presence infringes communications protected by the right to free speech . . . because it chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." Jones, 461 F.3d at 358-59; see also Bieregu, 59 F.3d at 1452. Unlike an inmate's right to court access, in cases where a prisoner's legal mail is opened repeatedly outside of his presence, there is no "actual injury" requirement to assert a claim. Bieregu, 59 F.3d at 1455. Conversely, the court distinguished between a single, inadvertent opening of properly

5

marked legal mail outside an inmate's presence and a pattern or practice of such actions. The former may not infringe a prisoner's right to free speech, nor his right to court access absent a showing of actual injury. Bieregu, 59 F.3d at 1458.

In accepting plaintiff's allegations that his legal court mail was opened outside his presence on two occasions as true, such a claim does not demonstrate a pattern or practice of improper handling of his legal mail sufficient to find a First Amendment violation, especially in light of plaintiff's contention that the opening of his mail was in accordance with DC-ADM 803. (Doc. 42, at 2.) Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (accidental opening of one piece of constitutionally protected legal mail did not give rise to a constitutional claim); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated inadvertent incidents of opening inmate's legal mail do not state a constitutional claim); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va.1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983); Beese v. Liebe, 51 Fed. App'x 979, 981 (7th Cir. 2002) (dismissal of First Amendment claim that four pieces of legal mail opened outside of inmate's presence did not rise to the level of a constitutional violation upheld where inmate

6

presented no evidence that his mail was not intentionally opened). Defendants' motion to dismiss will be granted as to this claim.

IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss plaintiff's complaint will be granted and the complaint will be dismissed in its entirety.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: September 16, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY A. HALE, : CIVIL NO. 3:07-CV-0345
    Plaintiff :
: (Judge Munley)
v. :
:
PENNSYLVANIA DEPARTMENT :
OF CORRECTIONS, et al., :
    Defendants :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 16 day of September 2010, upon consideration of defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 40), and in accordance with the accompanying memorandum, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to REOPEN this matter.

2. Defendants' motion to dismiss (Doc. 40) plaintiff's complaint is GRANTED. Plaintiff's complaint is DISMISSED in its entirety.

3. The Clerk of Court is directed to CLOSE this matter.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

/s/ Munley
JUDGE JAMES M. MUNLEY
United States District Court